UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA LEE,

        Plaintiff,

vs.

FLINT COMMUNITY SCHOOLS,
CITY OF FLINT, and SOLIANT
HEALTH, LLC,

        Defendants.

_____/

Civil Action No. 22-cv-13134
HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER GRANTING FLINT COMMUNITY SCHOOLS' MOTION TO DISMISS THE AMENDED COMPLAINT AND DENYING SOLIANT HEALTH, LLC'S MOTION TO COMPEL ARBITRATION AS MOOT**

I.    Introduction

Andrea Lee commenced this Equal Pay Act case against Flint Community Schools ("FCS"), the City of Flint, and Soliant Health, LLC ("Soliant"). The amended complaint alleges, among other things, that Lee received less pay than her male colleagues for performing the same job.

Before the Court is FCS's motion to dismiss the amended complaint. (ECF No. 10). Lee responded. (ECF No. 13). FCS filed a reply. (ECF No. 14). Soliant also filed a motion to compel arbitration. (ECF No. 11). Lee responded. (ECF No. 15). Soliant filed a reply. (ECF No. 16). The Court will decide the motions without

oral argument pursuant to E.D. Mich. 7.1(f)(2). For the following reasons, the Court (1) grants FCS's motion to dismiss the amended complaint, and (2) denies Soliant's motion to compel arbitration as moot.

II.   Background

   A.   *Factual History*

Lee started working for FCS at the Holmes Middle School in August 2022. (ECF No. 9, PageID.97, ¶ 10). She claims that Soliant directly contracted with her to provide services to FCS, "who then took over" her "day-to-day supervision, direction, and oversight." (*Id.*, ¶ 11). Although it is unclear what services Lee provided to FCS, she appears to have acted as a special education teacher. (*Id.*, PageID.105-06, ¶¶ 78-80). Lee resigned from FCS and/or Soliant shortly after objecting to the quality of student instruction. (*Id.*, PageID.98-102, ¶¶ 20-31, 44-50).

   B.   *Procedural History*

Lee filed this lawsuit alleging that she "was compensated differently than her male counterparts" because she is a woman. (ECF No. 1, PageID.10-11, ¶¶ 70-71). FCS moved to dismiss the complaint. (ECF No. 7). Soliant moved to compel arbitration. (ECF No. 8). Lee amended the complaint in response to the motions. (ECF No. 9). The amended complaint asserts causes of action for wage discrimination under the Equal Pay Act ("EPA") (Count I), gender discrimination, retaliation, and hostile work environment under the Elliott-Larsen Civil Rights Act

(Counts II, III, and V), and violations of Michigan's Whistleblowers' Protection Act (Count IV). FCS and Soliant now renew their respective motions. (ECF Nos. 10-11).

III. <u>Legal Standards</u>

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted).

IV. <u>Analysis</u>

    A. *The Equal Pay Act Violation (Count I)*

The EPA prohibits employers from discriminating against employees because of their sex by paying lower wages than are paid to employees of the opposite sex for performing equal work. 29 U.S.C § 206(d)(1). The law exempts wage disparities that result from (i) a seniority system, (ii) a merit system, (iii) a system which measures earnings by quantity or quality of production, or (iv) a differential based on any other factor other than sex. *Id.*

3

At the pleading stage, a prima facie EPA wage discrimination claim requires a plausible showing that "an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 508 (6th Cir. 2021) (quotation omitted). Lee's EPA allegations fail to meet this threshold.

The amended complaint substantively asserts that:

> 82. There were non-certified employees, in similar positions, being paid more than Ms. Lee.
>
> 83. Upon information and belief, Ms. Lee was compensated differently than her male counterparts during her employment with Defendants.
>
> 84. The differences in pay were not based upon seniority or merit, but rather a determination made on the basis of gender/sex.
>
> (. . .)
>
> 75. Defendant[s] employed Plaintiff and a male employee in the same position requiring substantially and/or comparably equal skill, effort, and responsibility, but paid Plaintiff less money, benefits and/or compensation for the same or similar work.
>
> 76. Plaintiff and Defendants' male employees performed their jobs under similar working conditions, *except that she was not given preferential treatment in routes and loads as other males*.[1]

---

[1] These paragraphs are numbered out of sequence because that is how they appear in the amended complaint. It also appears that Lee's counsel mistakenly lifted the italicized language from another case.

4

(ECF No. 9, PageID.106-07, ¶¶ 82-84, 75-76) (emphasis added).

These allegations do not contain "sufficient factual matter to render" the EPA claim "plausible." *Fritz*, 592 F.3d at 722; *see also* Fed. R. Civ. P. 8(a). Lee omits essential details about her employment, and those of her unidentified male counterparts, that are necessary to draw a plausible inference of discrimination; this includes information such as (1) job titles, (2) job descriptions, (3) actual responsibilities, (4) working conditions, and (5) the skill and effort required to perform assigned tasks.

Lee's accusations are worlds apart from those asserted in *Wiler v. Kent State Univ.*, No. 20-490, 2021 U.S. Dist. LEXIS 39798 (N.D. Ohio Mar. 3, 2021). There, the university's former women's field hockey coach sued the school for paying her less than comparable male coaches. But the district court denied the portion of Kent State's motion seeking to dismiss the coach's EPA claim because she specifically alleged that "coaches at Kent State are responsible for a host of similar responsibilities, which each does for his or her own particular sport." *Id.* at *14. And she enumerated those responsibilities as "teaching, training, counseling, advising, program and budget management, fundraising, public relations, and recruiting." *Id.* The amended complaint here does not even begin to approach *Wiler*'s level of detail. *See also Dennis v. G4S Secure Sols. (USA), Inc.*, No. 20-46, 2020 U.S. Dist. LEXIS 79211, at *7-9 (E.D. Tenn. May 6, 2020) (denying leave to amend the complaint on

5

futility grounds where the proposed amendment solely alleged that the defendant "paid males who performed equal work under similar conditions more than Plaintiff.").

Although FCS is the only party seeking dismissal of the EPA claim, these same allegations fail to state a plausible claim for relief against the non-moving defendants, the City of Flint and Soliant.[2]  "A court may grant a motion to dismiss even as to non-moving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related." *Bonny v. Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993); *see also Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc.*, 817 F.2d 1533, 1537 (11th Cir. 1987).  This rule even extends to non-moving defendants who never appeared in the action, such as the City of Flint. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008) ("we have upheld dismissal with

---

[2] The EPA claim against the City of Flint is flawed in another respect.  Aside from designating the City as one of Lee's employers, the amended complaint contains no substantive factual allegations against the municipality or its employees.  Without explaining how the City of Flint violated the statute, the portion of the EPA claim asserted against the City cannot withstand Rule 12(b)(6) dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *see also Langford v. Joyner*, 62 F.4th 122, 126 (4th Cir. 2023) (stating that a plausible claim for relief "require[s] sufficient facts to allow the court to infer liability as to *each* defendant.") (emphasis in original).

prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared.").

The amended complaint's EPA allegations are not only directed at FCS, they encompass the City of Flint and Soliant as well. Lee maintains that the three defendants acted in concert to violate the EPA collectively. (ECF No. 9, PageID.107-08, ¶¶ 75-77, 79). And she claims to have incurred economic and non-economic damages "[a]s a result of Defendants' actions, and conspiratorial efforts . . ." (*Id.*, PageID.108, ¶ 80). Because the amended complaint resorts to the same set of facts to hold all the defendants accountable under the EPA, the allegations asserted against the City of Flint and Soliant are just as implausible as those leveled against FCS. The EPA claim is, therefore, dismissed in its entirety.

    B.    *Supplemental Jurisdiction*

The dismissal of the EPA claim ultimately deprives the Court of original jurisdiction. Lee did not state a plausible claim for relief under the EPA, so there is no federal question left to decide. 28 U.S.C. § 1331. And as the parties are not completely diverse, jurisdiction over the remaining state law claims is improper under 28 U.S.C. § 1332. (ECF No. 9, PageID.96, ¶¶ 1-2, 5) (stating that Lee, FCS, and the City of Flint are all Michigan citizens).

7

That leaves open the exercise of supplemental jurisdiction. A district court "may decline to exercise supplemental jurisdiction over a claim" where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007). Supplemental jurisdiction "should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).

The likelihood this case will spur multiple litigations is minimal. And Lee raises novel issues under the Elliott-Larsen Civil Rights Act and the Whistleblowers' Protection Act. Because Michigan state courts are best suited to address those questions, the Court declines to exercise supplemental jurisdiction over the pendent state law claims. Dismissal on this ground "is of course without prejudice." *Experimental Holdings*, 503 F.3d at 522. Accordingly,

IT IS ORDERED that FCS's motion to dismiss the amended complaint (ECF No. 10) is granted as to all defendants.

IT IS FURTHER ORDERED that Soliant's motion to compel arbitration (ECF No. 11) is denied as moot.

**SO ORDERED.**

Dated: October 13, 2023
      Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge